# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE WELLS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1390 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This fraud, negligent misrepresentation, and tortious interference case is before the Court on Defendants Ocwen Loan Servicing, LLC, Realhome Services and Solutions, Inc., Altisource Portfolio Solutions, Inc., Umashankar Mruthyunjaya, PTS Texas Title, Inc., REO Management, LLC, Altisource Holdings, LLC, Premium Title Services, Inc., Hubzu USA, Inc., and Michael Leroy Sweat's (collectively, "Defendants") Motion to Dismiss [Doc. # 4]. Plaintiff Denise Wells ("Plaintiff") neither filed a response nor requested additional time to respond. The time to do so has passed. Having reviewed the full record and applicable legal authorities, the Court **grants** Defendants' Motion to Dismiss and permits Plaintiff the opportunity to amend her Original Petition in accordance with this Memorandum and Order.

## I.     BACKGROUND

Plaintiff offered to purchase property at 21313 Lee Road in Humble, Texas, on February 28, 2013.  Complaint, ¶ 22.  Plaintiff alleges that on March 11, 2013, Plaintiff's realtor, James Cole, and Defendant Hubzu USA, Inc. notified Plaintiff that her offer to buy the property for $220,000 had been accepted.  *Id.* ¶ 24-25.  Defendant Umashankar Mruthyunjaya, the Transaction Coordinator for "Altisource," allegedly notified Plaintiff that she was required to submit the Purchase and Sales Agreement, Loan Pre-Approval Letter, and a copy of the Earnest Money Deposit Check in order to complete the sale.  *Id.* ¶ 26.  Plaintiff submitted a "slightly edited" version of the Purchase and Sales Agreement.  *Id.* ¶ 26, 28.  One or more of Defendants rejected the altered Purchase and Sales Agreement and allegedly informed Plaintiff that any changes should be made in a separate document with amendments.  *Id.* ¶ 28.  Plaintiff submitted a new agreement with a separate document with amendments.  *Id.* ¶ 29.  On March 15, 2013, Plaintiff was informed that one or more of Defendants sold the home to a third party.  *Id.* ¶ 33.  Plaintiff does not allege that any of the Defendants ever signed the Purchase and Sales Agreement.

On April 15, 2013, Plaintiff filed this suit in the 125th Judicial District Court of Harris County, Texas.  *Id.* at 1.  Defendants removed the case to the Southern District of Texas on May 13, 2013.  Notice of Removal, at 1, 11.

## II.	LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). The district court retains "'the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is

entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS

Plaintiff alleges claims for (1) fraud by nondisclosure, (2) fraud in the inducement, (3) common law fraud, (4) negligent misrepresentation, (5) tortious interference with an existing contract, and (6) tortious interference with prospective relations. Original Petition, at 8-13. Plaintiff's Original Petition fails to meet the pleading standard set forth in Federal Rule of Civil Procedure 8. A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678 (explaining that threadbare recitals of the elements of claims and conclusory statements are insufficient). Plaintiff alleges the elements of her claims without supporting facts. Her Original Petition fails to put Defendants on notice as to the factual basis for each of Plaintiff's claims.[1]

---

[1] Plaintiff also fails to meet the more stringent pleading standard for her fraud claims as set forth in Rule 9 of the Federal Rules of Civil Procedure. Rule 9 requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cnty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain
(continued...)

Further, Plaintiff does not specify which claims are asserted against which Defendants. There are no factual allegations in the Original Petition to put each Defendant on notice as to which claims are raised against it or him, respectively. Indeed, Plaintiff only names four of Defendants in the fact section of her Original Petition: Defendants Hubzu USA, Inc., Umashankar Mruthyunjaya, "Altisource,"[2] and PTS Texas Title, Inc. It is unclear from the Original Petition how the remaining Defendants are involved in the case. Accordingly, Plaintiff has failed to meet the threshold pleading standard. Defendants' Motion to Dismiss is granted.

However, when a plaintiff's complaint fails to state a claim, the Court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Therefore, the Court, in the interest of justice, grants Plaintiff leave to amend and re-plead each of her causes of action. For each claim, Plaintiff must specify which Defendants she

---

[1](...continued)
why the statements were fraudulent." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

[2]It is unclear whether this reference in paragraph 26 of the Original Petition refers to Altisource Portfolio Solutions, Inc. or Altisource Holdings, LLC.

asserts the claim against and her factual basis for asserting the claim against that Defendant. She may not plead a claim for which she has no good faith factual basis. *See* FED. R. CIV. P. 11(b).

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff is granted leave to file an amended Original Petition on or before **July 16, 2013**. It is further

**ORDERED** that Plaintiff may not plead a claim for which she has no good faith factual basis. *See* FED. R. CIV. P. 11(b). It is further

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's claims are **DISMISSED without prejudice**. It is further

SIGNED at Houston, Texas, this 2nd day of **July, 2013**.

Nancy F. Atlas
United States District Judge